# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ALBERT RANDOLPH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09-CV-1416 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's Motion to Produce Affidavit. For the following reasons, the motion will be denied.

The government moves for an order requiring that movant's former defense counsel, an Assistant Federal Public Defender, provide an affidavit addressing movant's claims of ineffective assistance of counsel. Although movant has waived his attorney-client privilege by raising allegations of ineffective assistance of counsel in his § 2255 motion, see Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), discovery and expansion of the record in a § 2255 matter are governed by Rules 6 and 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The government has not cited any authority for the proposition that a non-party to this action can or should be compelled to provide an affidavit.

The government quotes Wright v. United States, 2008 WL 4276206 (D. Del. Sept. 17, 2008), for the proposition that while an evidentiary hearing could be conducted on the allegations of ineffective assistance of counsel, "the 'missing' information can be obtained more expeditiously by requiring Movant's former defense attorney to provide an affidavit responding to the allegations raised in his § 2255 motion." Id. at * 3. Wright is procedurally distinguishable from the instant case

because there the court had denied two of the movant's three claims. Apparently on its own motion, the court ordered former defense counsel to submit an affidavit concerning the remaining allegations of ineffective assistance of counsel, in lieu of the court holding an evidentiary hearing on the claim. The Court declines to follow <u>Wright</u> in the present context. The Motion to Produce Affidavit should therefore be denied.

In addition, the government makes only conclusory assertions that it requires an affidavit from defense counsel. The government merely states that it believes defense counsel has information that is relevant to the ineffective assistance of counsel claims movant raises in his § 2255 motion. However, the government, using other sources of relevant information, has already filed its answer without an affidavit from defense counsel. In its Motion to Produce Affidavit, the government has not adequately explained what additional information it requires from defense counsel such that she should be compelled to produce an affidavit against her former client.

Accordingly,

**IT IS HEREBY ORDERED** that the government's Motion to Produce Affidavit is **DENIED**. [Doc. 13]

*[signature]*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of July, 2012.