## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ALBERT RANDOLPH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:09-CV-1416 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Albert Randolph's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Motion to Vacate"). The motion is fully briefed and ready for decision. For the following reasons, movant's motion will be denied.

### *I. Background*

On October 25, 2007, movant was indicted and charged with knowingly and intentionally possessing with the intent to distribute five (5) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack) in violation of Title 21, U.S. Code, Section 841 (a)(1) and punishable under Section 841 (b)(1)(B)(iii). Attorney Felicia A. Jones, a Federal Public Defender, was appointed to represent movant. Ms. Jones filed a motion to suppress evidence and statements on movant's behalf. The motion was withdrawn, however, and movant filed a waiver of pretrial motions.

In March 2008, the parties reached a plea agreement under which movant would plead guilty to the charge against him. Movant signed a written Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement"). Under the Plea Agreement, the parties agreed that movant's base offense level should be at least 26, but that the base level should be reduced by three levels

under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 3E1.1(a) because movant demonstrated acceptance of responsibility and "timely notified" the government of his intention to enter a guilty plea. See Plea Agreement at 6-7. It is noted in the Plea Agreement that the government "contends [movant] is a Career Offender and potentially subject to the provisions of sec. 4B1.1, including a base level offense of 34 and a criminal history category VI." Id. at 6. The Plea Agreement also states that movant disagrees that he qualifies as a Career Offender. Id. The Plea Agreement further states that "[movant] is fully aware . . . that if he is determined, based on his criminal history, to be a Career Offender, under Sentencing Guidelines § 4B1.1, as the government contends he is, then the Guideline sentence shall be determined under Sentencing Guidelines § 4B1.1, and not § 2D1.1, resulting in a total offense of 31." Id. at 8.

As for Criminal History, the Plea Agreement states that the determination of defendant's Criminal History Category "shall be left to the Court after it reviews the Presentence Report. . . . Both parties retain their right to challenge, before sentencing, the findings in the Presentence Report as to [movant]'s criminal history and the applicable Criminal History Category. All decisions as to the appropriate Criminal History Category by the Court, however, are final and not subject to appeal." Id. 8-9. Furthermore, "[movant] is pleading guilty with full knowledge of the possibility of an enhanced sentence, has discussed this possibility with defense counsel, and acknowledges that the guilty plea will not be withdrawn in the event the Presentence Investigation Report determines the enhanced sentence applies to [movant]'s sentence. [Movant] does, however, retain the right to litigate these issues at sentencing." Id. at 12.

As for statutory penalties, the Plea Agreement provides "[movant] fully understands that the maximum possible penalty provided by law as to Count I is imprisonment of not less than five years

and not more than 40 years, or a fine of not more than $2,000,000, or both. . . . [Movant] fully understands that under Count I, to which he is pleading guilty, he will be required to serve a mandatory minimum of five years imprisonment." Id. at 12.

With regard to representation, under the Plea Agreement movant agreed that he was "fully satisfied with the representation he received from his defense counsel," and that movant had "reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel." Id. at 15. The Plea Agreement provides that "defense counsel completely and satisfactorily explored all areas [movant] had requested relative to the government's case and any defenses." Id. With respect to coercion, the Plea Agreement states that "neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed." Id. at 4. In addition, the Plea Agreement states that "no person has, directly or indirectly, threatened or coerced [movant] to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty." Id. at 16.

On March 13, 2008, movant appeared with counsel before this Court and pleaded guilty as charged. Movant took an oath to tell the truth and was asked several questions, the purpose of which was to establish the voluntariness of his plea. Specifically, movant was asked his age, the extent of his education, whether he was under the influence of alcohol or any drug, and whether he suffered from any mental disease or defect. Hearing Transcript at 2-3. Movant gave appropriate responses to all the questions asked. Movant was advised of the charge to which he was pleading guilty and the range of punishment, which was five (5) to forty (40) years imprisonment. Id. at 3. Movant stated under oath that he understood the charge and the range of punishment. Movant, his counsel, and the government's attorney were asked whether there had been any threats or promises made in

3

exchange for movant's guilty plea, and all responded that there had not. Id. at 7. The Court accepted movant's guilty plea, the matter was set for sentencing, and a Presentence Investigation Report ("PSR") was ordered.

In the PSR, prepared on May 2, 2008, movant's total offense level was determined to be 31, and his criminal history was calculated to be a category VI, based upon a total of ten criminal history points. See PSR at 4, 7-8. According to the PSR, movant should be classified as a Career Offender pursuant to Section 4B1.1 "due to his conviction from St. Louis County, Missouri for four counts of Distribution of a Controlled Substance, each of which occurred on separate dates, under Docket No. 03CR-199, and his conviction from St. Louis County, Missouri for Deliver of a Controlled Substance, under Docket No. 02CR-3488." Id. at 8. Movant's Guidelines sentencing range was calculated to be 188 to 235 months. Id. at 12.

Ms. Jones filed written objections to the PSR on movant's behalf. She argued that movant should not be classified as a Career Offender because the offenses upon which the prior state convictions were based occurred over a short period of time, and they should be counted as a single felony under the Sentencing Guidelines. Ms. Jones also argued, in the alternative, that should the Court find movant is a Career Offender, he should be granted a downward departure because his criminal history has been overstated. She also argued that the Court should consider a two-level reduction because the base (crack) cocaine amendments did not apply to Career Offenders, and for policy reasons they should. The government filed a memorandum in opposition to movant's objections.

The undersigned held a sentencing hearing on July 1, 2008. At the hearing, the Court heard arguments regarding movant's objections to the PSR and his classification as a Career Offender.

4

Movant's objections were overruled, and the Court found movant was a Career Offender because there had been an intervening arrest between the relevant conduct upon which his prior state convictions were based.  Despite language in the Plea Agreement and the government's opposition, the Court allowed Ms. Jones to argue for a downward departure or variance.  Ms. Jones argued movant should receive a shorter sentence because movant's prior offenses were non-violent, he had received light sentences from the state, he was young, and he had a good relationship with his family.  Ms. Jones also argued that under the amendments to the Guidelines, Career Offenders are not entitled to the two-level reduction that are granted to non-Career Offenders convicted of crack cocaine offenses. Ms. Jones urged the Court to give movant, who was charged with a crack cocaine offense, at least the two-level reduction, even though he was classified as a Career Offender.  The government objected to this argument. The Court, however, stated that it was inclined to agree with Ms. Jones.  After giving movant an opportunity to be heard, the undersigned granted movant a downward variance and sentenced him to a term of imprisonment of 160 months, followed by four (4) years of supervised release.

Movant filed a timely appeal, which was submitted to the Eighth Circuit Court of Appeals on the record of the district court. Movant argued in his appeal that the district court abused its discretion because it failed to consider all of the 18 U.S.C. § 3553(a) factors, and it imposed a substantially unreasonable sentence. On June 8, 2009, the Eighth Circuit Court of Appeals rejected movant's arguments and affirmed the judgment of the district court. United States v. Randolph, 326 Fed. Appx. 974 (8th Cir. Jun. 8, 2009).

In the § 2255 motion presently before the Court, movant asserts four grounds for relief:

Ground One: Movant's counsel was ineffective at the sentencing hearing in that she "inappropriately informed him of the magnitude of his criminal history category pursuant to §4B1.1, which triggered a misinterpretation of [movant]'s sentencing guidelines, and sentence[ ] imposed in his case." See Doc. 3 at 6.

Ground Two: Movant's counsel was ineffective in that she failed to object to movant's criminal history, and had she objected, he would not have been subject to the Career Offender sentence.

Ground Three: Movant's counsel was ineffective in that she failed to investigate and research the application of the criminal history guidelines and the prior state convictions applied in his case.

Ground Four: The district court erred in finding movant qualified as a Career Offender in that it improperly relied on information detailed in the PSR, as opposed to "documented evidence" of prior state convictions.

## *II. Legal Standard*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

### *III.  Discussion*

#### A.    **Ineffective Assistance of Counsel**

In Grounds One through Three, movant makes claims of ineffective assistance of counsel. "To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  To prevail on an ineffective assistance of counsel claim, movant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance.  See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted).  Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

#### 1.    **Movant's plea was knowing and voluntary.**

In Ground One, movant argues that Ms. Jones was ineffective in that she failed to inform him of the magnitude of the Career Offender classification and the impact it would have on his sentence. Although not clearly stated, movant implies that he was prejudiced because had he been given more information about the Career Offender status and its effect on his sentence, he would not have pleaded guilty and would have gone to trial.  The record shows otherwise.

The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To satisfy the second prong's "prejudice" requirement, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. A court may address the two prongs of the Strickland test in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under Eighth Circuit law, "[i]naccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." United States. v. Quiroga, 554 F.3d 1150, 1155 (8th Cir. 2009). See also United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999) ("a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence."); United States v. Bond, 135 F.3d 1247, 1248 (8th Cir. 1998) ("[a] defense counsel's erroneous estimate of a guidelines sentence does not render an otherwise voluntary plea involuntary."); Roberson v. United States, 901 F.2d 1475, 1478 (8th Cir. 1990) (holding that a defendant's reliance on defense counsel's erroneous prediction that he would receive a more lenient sentence if he pled guilty did not make his plea involuntary, where the defendant was fully informed of the maximum sentence on each count). The Eighth Circuit has held that this precedent is equally, if not more applicable to cases where the Guidelines are "merely advisory." Quiroga, 554 F.3d at 1156.

8

The case at bar is very similar to the facts in Matthews v. United States, 114 F. 3d 112 (8th Cir. 1997).  The petitioner in Matthews asserted a claim of ineffective assistance because he claimed he pleaded guilty on his trial counsel's assurance that his potential sentencing range would be five to eight years of imprisonment, and yet he received a sentence of 20 years of imprisonment on one count, and 10 years of imprisonment on a second count.  In finding the petitioner had suffered no prejudice as a result of the misinformation he received from his counsel, the Eighth Circuit wrote:

> [W]e find it unnecessary to determine if Matthews' counsel performed in a deficient manner because we are satisfied that Matthews suffered no actual prejudice from counsel's alleged errors.  Matthews alleged he pleaded guilty on his trial counsel's assurance that the potential sentencing range would be five to eight years of imprisonment.  Regardless of what his trial counsel advised him concerning the length of the potential sentences that might result from his guilty pleas, the record demonstrates that the trial judge clearly explained the potential maximum sentence to Matthews at the plea proceeding. The trial court advised Matthews that he faced a maximum term of 40 years of imprisonment on one count and 20 years of imprisonment on the other count. . . . Matthews indicated that he understood, and he proceeded to enter a plea of guilty. There is no indication that Matthews would not have pleaded guilty had his counsel, in addition to the trial judge, properly advised him of the maximum potential sentence.

Id. at 114.

The same analysis applies here.  Movant does not state in his petition or memoranda exactly what misinformation Ms. Jones provided him.  To the extent movant is claiming that Ms. Jones told him that he would not be classified as a Career Offender or gave him misinformation about the possible length of a sentence he would receive, these claims are not supported by the record.  It is clear movant understood there was a possibility that he would be classified a Career Offender, and he was apprised of the range of punishment.

First, the Plea Agreement, which movant signed, states that the government will contend that movant is a Career Offender, and "if he is detemined, based on his criminal history, to be a Career

9

Offender, under the Sentencing Guidelines § 4B1.1, as the Government contends he is, then the Guideline sentence shall be determined under the Sentencing Guidlines § 4B1.1 and not § 2D1.1, resulting in a total offense level of 31." See Plea Agreement at 7. Movant knew, based on the Plea Agreement, that there was a possibility that he would be classified at sentencing as a Career Offender, which would significantly impact the length of his sentence.

Second, movant stated under oath at the change of plea hearing held on March 13, 2008, that he understood the charge and the range of punishment, including that he was subject to a statutory mandatory minimum term of five years and a possible term of 40 years imprisonment.

In sum, movant has not established that his counsel's performance was deficient. Strickland, 466 U.S. at 687; McReynolds, 208 F.3d at 723. He also cannot show how he was prejudiced because his plea was knowing and intelligently made. Even if his counsel provided him with misinformation regarding the length of sentence he would receive – which movant has not explicitly claimed she did – movant was correctly informed at the change of plea hearing of the maximum and minimum sentence he was facing, and knowing that he was facing up to 40 years imprisonment, he entered a guilty plea. Movant simply cannot show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. The Court finds movant's claim arose out of disappointment that the Court ruled in the government's favor on the issue of his status as a Career Offender, and imposed a sentence that was longer than he had hoped.

### 2. Movant's counsel did object to the Career Offender classification.

In Ground Two, movant claims that Ms. Jones erred by failing to object to the Career Offender classification at the sentencing hearing. The Court does not agree with movant's characterization of what occurred at the hearing. Ms. Jones did indeed object to the application of the Career Offender status to movant. She argued in her written brief and during the hearing that two of movant's prior state convictions should be treated as a single felony because there was an absence of an intervening arrest. The Court did not agree with Ms. Jones and overruled the objection. The Court found that it was undisputed that between the time of the drug sales for which he was convicted, movant had been arrested and taken into custody. Movant does not state in his petition or memoranda in support how Ms. Jones mishandled this argument, or what other objections or arguments Ms. Jones should have made but failed to make. On the record before it, the Court cannot find that movant has met the Strickland two-part test based on Mr. Jones's alleged failure to object to the Career Offender classification, because she did object. Therefore, the Court cannot conclude Mr. Jones's performance during the sentencing hearing was deficient, or that movant was prejudiced by his counsel's conduct.

Furthermore, Ms. Jones also moved for a downward departure, which movant received. She argued movant should receive a two-level reduction based on the amendments to the crack cocaine guidelines, even though he was classified as a Career Offender. Despite the government's objections, the Court agreed with Ms. Jones, and the Court sentenced movant below the Guidelines for a Career Offender.

11

       **3.     Movant's counsel did not fail to investigate the prior state convictions.**

In Ground Three movant faults his counsel for failing to investigate the prior state convictions that were listed in the PSR. This claim is also without merit. From the transcript of the sentencing hearing it is clear that Ms. Jones did attempt to investigate the prior state convictions upon which the Career Offender classification was based. She noted that she had procured records and had tried to located a booking sheet. See Transcript at 5. Movant only states in a conclusory manner that she failed to investigate the prior state convictions. He does not state what more she could have done. Therefore, the Court cannot conclude Ms. Jones's performance was deficient in this respect.

What is more, movant has not shown how he was prejudiced by Ms. Jones's supposed failure to investigate. Movant does not claim that the prior state convictions were in some way invalid, and there is no indication whatsoever that the prior state convictions, as presented in the PSR, were in any way inaccurate. There was simply no prejudice as a result of Ms. Jones's supposed errors, and movant's claim fails under Strickland.

      **B.     The Court Did Not Error in Sentencing Movant as a Career Offender.**

In Ground Four movant faults the Court for relying on the PSR in finding him a Career Offender. Movant argues that the Court should have used "documented evidence," as opposed to relying on information in the PSR in deciding whether he qualified as a Career Offender. This claim is procedurally barred because movant could have raised it on appeal. It is also without merit.

If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Frady, 456 U.S. at 168; Matthews,

12

114 F.3d at 113.  If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995).  A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found [movant] guilty beyond a reasonable doubt."  Id. at 327.  See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998).

"Cause" under the cause and prejudice test "must be something external to the [movant], something that cannot fairly be attributed to him," for example, a showing that the factual or legal basis for a claim was not reasonably available, or that some interference by officials made compliance with the procedural rule impracticable.  Stanley v. Lockhart, 941 F.2d 707, 709 (8th Cir. 1991) (citing Coleman v. Thompson, 501 U.S. 722 (1991)); see also Greer v. Minnesota, 493 F.3d 952, 957-58 (8th Cir. 2007).

Movant does not make a claim of actual innocence and he has not attempted to show cause for his failure to raise the claim in Ground Four on direct appeal.[1]  Therefore, the claim is procedurally barred.  But even if the Court were to review the claim on the merits, it would be dismissed.  As stated above, movant has not alleged, and there is nothing in the record to indicate that the PSR was somehow inaccurate as to movant's prior state convictions.  Movant has made no showing that his prior state convictions were invalid or overstated in the PSR.  There is no basis for

---

[1] Movant argues in his memorandum in support of his petition that there is cause and prejudice to lift the procedural bar to his ineffective assistance of counsel claims.  Movant does not assert there are grounds to lift the procedural bar as to his claim that the district court erred in sentencing him as a Career Offender.

movant's argument that it was error for the district court to have relied on the PSR and applied the Career Offender classification in this case.

### IV. Conclusion

In his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, movant has failed to raise a meritorious and cognizable claim. In Grounds One through Three, movant has raised claims of ineffective assistance of counsel. These claims are without merit because movant has not shown his counsel's performance was constitutionally defective and that he suffered prejudice. The claim in Ground Four of error by the district court is procedurally barred because the issue could have been raised on appeal. Moreover, the Court finds it is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that movant Albert Randolph's motion and amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody are **DENIED.** [Docs. 1 and 3].

**IT IS FURTHER ORDERED** that movant Albert Randolph has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 332, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   17th   day of September, 2012.